Makda Fessehae TECLEZGHI,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–70132.

Agency No. A75–618–966.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 16, 2006.

Decided June 30, 2006.

Yemi Getachew, The Law Offices of
Yemi Getachew, San Jose, CA, Alisa Kauf-
man, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Of-
fice of the District Counsel, Department of
Homeland Security, San Francisco, CA,
Linda S. Wendtland, Esq., Luis E. Perez,
Esq., Shahira M. Tadross, U.S. Depart-
ment of Justice, Civil Div./Office of Immi-
gration Lit., Washington, DC, for Respon-
dent.

Before GOODWIN, HUG, and
O'SCANNLAIN, Circuit Judges.

## MEMORANDUM *

Makda Teclezghi, a native and citizen of Eritrea, petitions for review of the Board of Immigration Appeal's ("BIA") affirmance of the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Because the BIA affirmed on the basis of the IJ's adverse credibility finding, we review the IJ's decision. *Rodriguez–Roman v. INS,* 98 F.3d 416, 425 n. 11 (9th Cir. 1996). The facts are known to the parties and will not be repeated here.

■ We review the IJ's credibility finding and determination of Teclezghi's ineligibility for asylum for substantial evidence. *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001). Teclezghi claimed that she would face persecution if returned to Eritrea because she is a Jehovah's Witness. The IJ concluded, however, that she is not a Jehovah's Witness.

Teclezghi claims that the IJ erred by relying on the interview notes, assessment, and testimony of the asylum officer who originally interviewed Teclezghi. Teclezghi was under oath and had a translator at the interview. The IJ gave Teclezghi an opportunity to explain her statements and to cross-examine the asylum officer. We have held that statements to an asylum officer constitute testimony. *See Ramos v. INS,* 246 F.3d 1264, 1266 (9th Cir.2001). Thus, we see no reason to prohibit the IJ's consideration of the asylum officer's notes, assessment, and testimony.

■ Further, the inconsistencies in Teclezghi's testimony go to the heart of her asylum claim. *See Singh v. Ashcroft,*

301 F.3d 1109, 1111 (9th Cir.2002) (holding that inconsistencies in the petitioner's testimony must go to the heart of her asylum claim to justify an adverse credibility finding). As the asylum officer noted, Teclezghi did not display the commanding Biblical knowledge typical of Jehovah's Witnesses. She misquoted verses and cited non-existent passages. She told the asylum officer that she did not have time to go to church, and when pressed by the IJ, explained that she had only been between one and three times in the past two years. In addition, Teclezghi's testimony about the ease with which she acquired her passport changed after she was reminded that Eritrea required proof of national service—something a Jehovah's Witness would not have—before it would issue a passport. The IJ was justified in making an adverse credibility determination on the basis of these specific facts.

Because Teclezghi's testimony was questionable, it was not error for the IJ to note her failure to provide corroborating evidence of her claim. *See Chebchoub,* 257 F.3d at 1042 (stating that "8 C.F.R. § 208.13 'plainly indicates that if the trier of fact either does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his asylum application'" (quoting *Sidhu v. INS,* 220 F.3d 1085, 1090 (9th Cir.2000))). When corroborating evidence, such as proof of church membership, is easily available, it should be brought to the attention of the trier of fact. *See id.* at 1045. Teclezghi failed to do so.

Because Teclezghi was properly found to be ineligible for asylum,[1] she also fails to

---

1. Teclezghi's claim for asylum based on imputed political opinion resulting from her be-

ing a Jehovah's Witness is unexhausted because it was never presented to the IJ or the BIA, and we therefore lack jurisdiction to consider it. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004). Such claim is dismissed.

meet the stricter requirements for withholding of removal. *See Canales–Vargas v. Gonzales,* 441 F.3d 739, 746 (9th Cir. 2006) (standard for withholding of removal is "more stringent" than the standard for granting asylum). In addition, her CAT claim fails because she provided no evidence that she would be tortured if returned to Eritrea.

The petition for review is DENIED in part, DISMISSED in part.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.